■ RALPH GIORDANO, an Infant, by His Mother and Natural Guardian, LOIS GIORDANO, et al., Appellants-Respondents, v. SHERIDAN MAINTENANCE CORPORATION et al., Appellants, and MAX KAUSCH et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs and defendants Sheridan Maintenance Corporation and Albert Rhodie appeal from a judgment of the Supreme Court, Queens County, entered June 23, 1970, in favor of defendants Max Kausch and Mister Softee Eastern New York Division, Inc., against plaintiffs, upon the trial court's dismissal of the complaint as against said defendants at the end of plaintiffs' case. The case as against the appealing defendants was settled after said dismissal as to said other defendants, with reservation of plaintiffs' rights as against the latter. Judgment affirmed as to defendant Mister Softee Eastern New York Division, Inc., without costs; and, as to defendant Max Kausch, judgment reversed, on the law, action severed and new trial granted, with costs to abide the event. Appeal by defendants Sheridan Maintenance Corporation and Albert Rhodie dismissed, without costs. The infant plaintiff was injured while sitting on his bicycle behind the right rear side of a double-parked mobile ice cream truck facing north, owned and

operated by defendant Max Kausch pursuant to a franchise agreement with defendant Mister Softee. The infant plaintiff was struck from behind by a vehicle traveling in a northerly direction which was owned and operated, respectively, by defendants Sheridan Maintenance Corporation and Albert Rhodie. We dismiss the appeal taken by Sheridan Maintenance and Albert Rhodie as neither is an aggrieved party in view of the settlement they reached with plaintiffs and in view of the fact that a defendant has no standing to appeal from a dismissal of the complaint as against his codefendant (*Helou* v. *Nationwide Mut. Ins. Co.*, 25 A D 2d 179; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5511.08). On the facts as established by the record, there was no ownership, operation or control of the vehicle by defendant Mister Softee and hence we affirm the judgment as to said defendant. It was error to dismiss the complaint as against defendant Kausch. While section 1202 (subd. [a], par. 5) of the Vehicle and Traffic Law (in effect at the time of the accident; now § 1202, subd. [a], par. 1, cl. a) did not apply to the City of New York, by virtue of section 1642 of the Vehicle and Traffic Law and article 17, section 190 of the Traffic Regulations of the Department of Traffic of The City of New York, the same standards apply under article 8 (§ 81, subd. [c], par. 2) of said Traffic Regulations. Double-parking, in violation of such regulations, is some evidence of negligence, which should have been submitted to the jury (*Naeris* v. *New York Tel. Co.*, 6 A D 2d 196). Questions of fact for the jury's determination were also presented as to the infant plaintiff's freedom from contributory negligence (*Camardo* v. *New York State Rys.*, 247 N. Y. 111; *Jacobs* v. *Koehler Sporting Goods Co.*, 208 N. Y. 416) and as to whether there was proximate causation between the alleged negligence of defendant Kausch and the injuries suffered by the infant plaintiff (*Saugerties Bank* v. *Delaware & Hudson Co.*, 236 N. Y. 425; *Boyce* v. *Greeley Sq. Hotel Co.*, 228 N. Y. 106). Gulotta, Christ, Brennan and Benjamin, JJ., concur; Latham, Acting P. J., concurs in the dismissal of the appeal by defendants Sheridan Maintenance Corporation and Albert Rhodie and the affirmance as to defendant Mister Softee Eastern New York Division, Inc., but otherwise dissents and votes to affirm the judgment as to defendant Max Kausch, with the following memorandum: I would affirm the judgment in favor of both Mister Softee and Kausch. The record establishes that the 14-year-old plaintiff was sitting atop his bicycle, which he had stopped in the street behind the ice cream truck, when he was struck from behind by an oncoming truck. It is my view that in such circumstances the owner and the driver of the oncoming truck are solely liable for the injuries sustained by the infant plaintiff. From the facts as established by the record it is my opinion that "there is no proof which warrants the inference that the double parking of the truck contributed to the happening of the accident" (*Maloney* v. *Howard Johnson, Inc.*, 5 A D 2d 1015).