■ Olivia Ferguson, Appellant, v Alexei Gassman et al., Respondents. [645 NYS2d 331] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated July 25, 1995, which, upon the granting of the defendants' respective motions to dismiss the complaint on the grounds that the plaintiff failed to establish a prima facie case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the complaint is reinstated, and the matter is remitted to Supreme Court, Nassau County, for a new trial.

The plaintiff was a passenger in a taxi owned by the defendant Friendly Taxi, and operated by the defendant Alexei Gassman. Gassman double-parked the taxi on the left side of a one-way street to allow the plaintiff to exit. About three seconds after the plaintiff opened the rear passenger-side door (i.e., the door on the road side), the door was struck by a car driven by the defendant Frances Nisenbaum. The plaintiff allegedly suffered serious injuries and brought the instant personal injury action against Friendly Taxi, Gassman, and Nisenbaum. Upon the defendants' respective motions at the close of the evidence, the court dismissed the complaint on the grounds that the plaintiff failed to establish a prima facie case and that the defendants' actions were not a proximate cause of the plaintiff's injuries.

We reverse. Given every favorable inference which could be reasonably drawn from the evidence presented *(see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *Parvi v City of*

*Kingston,* 41 NY2d 553, 554), the plaintiff established a prima facie case that the defendants were negligent. Gassman violated Vehicle and Traffic Law § 1202 (a) (1) (a) by double parking to discharge the plaintiff. This violation was "some evidence of negligence, which should have been submitted to the jury" *(Giordano v Sheridan Maintenance Corp.,* 38 AD2d 552, 553; *see also, Sullivan v Locastro,* 178 AD2d 523, 526). Similarly, the issue of whether Gassman's negligence, if any, was a proximate cause of the plaintiff's injuries was for the jury *(Giordano v Sheridan Maintenance Corp., supra).*

The plaintiff also established a prima facie case that Nisenbaum was negligent and that such negligence was a substantial cause of the events which produced the injury *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Specifically, the jury could have concluded that the plaintiff had opened the door of the taxi three seconds before it was struck by Nisenbaum, and that Nisenbaum, who testified that she was travelling at only 5 to 10 miles per hour when she passed the taxi, could have stopped her car before hitting the door of the taxi. While the jury could find that the plaintiff was negligent in exiting the taxi on the side available to moving traffic when it was not safe to do so *(see,* Vehicle and Traffic Law § 1214), the issue of whether such a violation was an extraordinary and unforeseeable act so as to sever the causal connection between the defendants' actions and the plaintiff's injuries was a question for the jury *(see, McCann v City of New York,* 205 AD2d 668; *Dennis v City of New York,* 205 AD2d 577). Mangano, P. J., Thompson, Florio, McGinity and Luciano, JJ., concur.