■ CHERYL MARKOWITZ, Respondent, v KEVIN LEWIS, Defendant, and MENDEL I. MARKOWITZ, Appellant. [835 NYS2d 563]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered on or about June 27, 2006, which granted plaintiff's motion for partial summary judgment on the issue of defendant Mendel Markowitz's liability, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff was sitting in the front passenger seat of an automobile driven by her husband, defendant Mendel Markowitz, at 40 to 50 miles per hour in the second lane from the left on the Grand Central Parkway at about 4:30 A.M. As they approached the exit to LaGuardia Airport, an SUV, 40 feet ahead, activated its left turn signal, and defendant Markowitz checked his rearview mirror and right side mirror in anticipation of changing lanes. When he returned his gaze directly in front, "a second or two later," he noticed a minivan, operated by defen-

dant Kevin Lewis, stalled "a few car lengths" or "60, 80 feet" ahead; the intervening SUV had moved to another lane. Defendant Markowitz did not believe he could switch to another lane, and therefore "hit the brake . . . hard," but struck the rear of the minivan, allegedly causing serious injuries to plaintiff.

Lewis testified at his deposition that as soon as he entered the lane where the Markowitz vehicle was traveling, his minivan "just died." Lewis immediately turned on his hazard lights and then took out his cellular telephone to call for assistance. He stated that he was stopped for "no more than two minutes" before being struck by the Markowitz automobile, but he never completed the call and he was rendered unconscious upon impact. According to the police accident report, Lewis told the officers that he had not turned on his hazard lights. Markowitz testified at his deposition that he did not see lights on Lewis's minivan.

There are questions of fact as to whether the emergency doctrine applies, including when the minivan first became observable, whether the minivan's hazard lights were flashing, whether defendant Markowitz maintained a safe distance behind the vehicle in front of him, and whether he acted reasonably under the circumstances in applying his brakes "hard" (*see Rhodes v United Parcel Serv.*, 33 AD3d 455 [2006]; *Rabassa v Caldas*, 306 AD2d 137 [2003]). Concur—Nardelli, J.P., Williams, Buckley, Catterson and McGuire, JJ.