■ RONNIE ADAMS et al., Appellants, v LEMBERG ENTERPRISES, INC., et al., Defendants, and PACIFIC PETROLEUM TRANSPORT, INC., et al., Respondents. [843 NYS2d 432]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 21, 2006, as granted that branch of the motion of the defendants Pacific Petroleum Transport, Inc., and Mohamed Raphique which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Pacific Petroleum Transport, Inc. and Mohamed Raphique which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The injured plaintiff allegedly was standing behind a double-parked truck, which was owned by the defendant Pacific Petroleum Transport, Inc., and operated by the defendant Mohamed Raphique, when a vehicle operated by the defendant Cornelius Daisy pinned him against the double-parked truck.

It is well settled that evidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was a proximate cause of the injury-producing event (*see Sheehan v City of New York,* 40 NY2d 496, 501 [1976]; *Peters v City of New York,* 33 AD3d 779 [2006]). Generally, issues of proximate cause are for the fact finder to resolve (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308 [1980]). Here, the defendants Pacific Petroleum Transport, Inc. and Mohamed Raphique failed to submit evidence sufficient to demonstrate their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). The issue of whether Raphique's negligence in double parking his truck was a proximate cause of the accident should be submitted to the jury (*see Ferrer v Harris,* 55 NY2d 285 [1982]; *Giordano v Sheridan Maintenance Corp.,* 38 AD2d 552 [1971]). Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.