■ NICHOLAS AULETTA et al., Respondents, v KELLY A. BAXTER, Respondent, and KIM M. CATAPANO, Appellant. [845 NYS2d 826]—

In an action to recover damages for personal injuries, etc., the defendant Kim M. Catapano appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 21, 2006, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and

the motion of the defendant Kim M. Catapano for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.

In the course of playing with other children, the infant plaintiff attempted to hide between two parked cars on the west side of 116th Street in Queens. According to his deposition testimony, the infant plaintiff first noticed the car that struck him, operated by the defendant Kelly A. Baxter, moving slowly as it turned onto 116th Street. At some point very shortly after he extended his leg outward beyond the parked cars, the infant plaintiff was struck by Baxter's car.

Baxter testified that it was still light outside when the accident occurred, there was nothing obstructing her view of the sidewalk other than the parked cars, and her foot was on the brake immediately prior to the accident since she had seen the red tip of the infant plaintiff's toy gun come out from between two parked cars on the left side of the street. While she testified that her vehicle was closer to the right curb than the left curb, she could not recall any reason for that. Moreover, Baxter testified that she could not recall seeing any parked cars on the right side of the street. For the purposes of this motion, the appellant has conceded that, at the time of the accident, her minivan was illegally parked partly on the sidewalk on the right side of the street, directly opposite the location where the infant was hit.

The evidence submitted by the appellant in support of her motion established, prima facie, that her illegally parked minivan was not a proximate cause of the accident. The papers submitted in opposition failed to raise a triable question of fact on that issue (*see Gleason v Reynolds Leasing Corp.,* 227 AD2d 375 [1996]; *cf. Ferrer v Harris,* 55 NY2d 285, 293 [1982]; *Ferguson v Gassman,* 229 AD2d 464 [1996]). Accordingly, the appellant's motion for summary judgment should have been granted (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.