■ EDWARD J. WILSON et al., Appellants, v JAIME ALBERTO ROJAS et al., Respondents, et al., Defendants. [882 NYS2d 443]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 13, 2008, as granted the motion of the defendants Jaime Alberto Rojas and Jose Narcisco Orellana for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Jaime Alberto Rojas and Jose Narcisco Orellana for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff Edward Wilson (hereinafter the plaintiff) was driving his vehicle on the Long Island Expressway when it collided with a tractor-trailer which was operated by the defendant Jose Narcisco Orellana and partially owned by the defendant Jaime Alberto Rojas (hereinafter together the defendants). The plaintiff and his wife, derivatively, commenced this action against, among others, the defendants. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the plaintiff's negligent operation of his vehicle was the sole proximate cause of the accident. In support of the motion, the defendants submitted, inter alia, the deposition testimony of Orellana and the plaintiff. Orellana alleged that at the time of the accident, the tractor-trailer was entirely within the shoulder of the highway with its emergency lights activated as he looked for a map. The plaintiff alleged that the tractor-trailer protruded onto his moving lane by about two feet and that none of its lights were on. Orellana acknowledged that stretch of the Expressway was dark. The Supreme Court granted the motion. We reverse.

Viewing the evidence in the light most favorable to the plaintiffs (*see Lichtenstein v Congregation Bais Yisroel,* 41 AD3d 437 [2007]), a triable issue of fact exists as to whether the placement of the defendants' tractor-trailer contributed to the accident (*see* Vehicle and Traffic Law § 1202 [a]; 49 CFR 392.22 [b] [1]; *Smalls v AJI Indus., Inc.,* 10 NY3d 733, 735 [2008]; *White v Diaz,* 49 AD3d 134, 139-140 [2008]; *DeBartolo v Coccia,* 276 AD2d 663 [2000]; *Sullivan v Locastro,* 178 AD2d 523, 525-526 [1991]; *Dowling v Consolidated Carriers Corp.,* 103 AD2d

675 [1984], *affd* 65 NY2d 799 [1985]). Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiffs' opposition papers and the motion should have been denied (*see Smalls v AJI Indus., Inc.,* 10 NY3d at 735; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.