In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Agate, J.), entered September 1, 2011, which granted the plaintiffs motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
*1079 The plaintiff allegedly sustained personal injuries when the defendant’s vehicle struck the plaintiff’s vehicle in the rear while the plaintiff was seated in the driver’s seat. The plaintiffs vehicle was fully stopped and double-parked outside an apartment building in Queens. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendant appeals.
In support of her motion for summary judgment on the issue of liability, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Under the circumstances presented here, the plaintiff failed to eliminate triable issues of fact as to whether, inter alia, her own negligence in double-parking her vehicle in violation of 34 RCNY 4-08 (f) (1) was a proximate cause of the accident (see Ferrer v Harris, 55 NY2d 285 [1982]; Roman v A1 Limousine, Inc., 76 AD3d 552, 553 [2010]; Adams v Lemberg Enters., Inc., 44 AD3d 694, 695 [2007]; Ferguson v Gassman, 229 AD2d 464 [1996]). Accordingly, the Supreme Court should have denied the plaintiffs motion. Florio, J.E, Balkin, Lott and Miller, JJ., concur.