■ MELISSA L. IRIZARRY, Plaintiff, v ANTOINETTE DALY et al., Appellants, and NYLL MANAGEMENT, LTD., et al., Respondents. [981 NYS2d 534]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 4, 2013, which, to the extent appealed from, denied defendants Antoinette Daly and Anthony Daly's motion for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.

Plaintiff was a backseat passenger in a car driven by defendant Anthony Daly, a teenager who was driving his mother's car, when Anthony made a left turn across two lanes of oncoming traffic, and was hit by a livery cab coming from the opposite direction. Plaintiff did not recall seeing a green left-turn arrow before Anthony made the turn, and heard screeching brakes from the livery cab before the accident. Anthony acknowledged that he "didn't really know what to do" when he saw the livery cab driving toward his car, and did not recall doing anything to avoid the accident.

Defendants failed to establish that the driver of the livery cab

was solely at fault for the accident, which would have eliminated issues of fact as to Anthony's negligence. They failed to establish either that Anthony acted lawfully and with reasonable care in making the left turn while a vehicle was approaching in oncoming traffic (*see Cadeau v Gregorio*, 104 AD3d 464 [1st Dept 2013]) or that he used reasonable care to avoid a collision with the oncoming vehicle (*see Nevarez v S.R.M. Mgt. Corp.*, 58 AD3d 295, 298 [1st Dept 2008]). For the same reasons, defendants failed to establish the applicability of the emergency doctrine (*see Markowitz v Lewis*, 40 AD3d 371 [1st Dept 2007]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Gische, JJ.