■ EMMA GALL et al., Appellants, v MAXWELL O. SCHWED, Defendant, and MIKE'S HEAVY DUTY TOWING, INC., et al., Respondents. (Appeal No. 1.) EMMA GALL et al., Respondents, v MAXWELL O. SCHWED, Appellant, and MIKE'S HEAVY DUTY TOWING, INC., et al., Respondents. (Appeal No. 2.) [989 NYS2d 109]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 17, 2012, as granted the motion of the defendants Mike's Heavy Duty Towing, Inc., and Ane Kouassi for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion for summary judgment on the issue of liability against those defendants, and the defendant Maxwell O. Schwed separately appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the issue of liability on his cross claims for indemnification against the defendants Mike's Heavy Duty Towing, Inc., and Ane Kouassi, and, in effect, upon searching the record, awarded summary judgment on the issue of liability in favor of the plaintiffs and against him.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendants Mike's Heavy Duty Towing, Inc., and Ane Kouassi for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof which, in effect, upon searching the record, awarded summary judgment on the issue of liability in favor of the plaintiffs and against the defendant Maxwell O. Schwed; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action arises from a motor vehicle accident that occurred during the early morning hours of August 30, 2008, between a pickup truck operated by the defendant Maxwell O. Schwed and a flatbed tow truck owned by the defendant Mike's Heavy Duty Towing, Inc. (hereinafter Mike's), and operated by the defendant Ane Kouassi. The plaintiff Emma Gall (hereinafter the injured plaintiff) was injured when Schwed's pickup truck, in which she was riding as a passenger, struck the rear end of the tow truck, which was stopped. Schwed subsequently pleaded guilty to driving while intoxicated and assault in the third degree.

The injured plaintiff, and her husband suing derivatively, commenced this action against Schwed, Mike's, and Kouassi.

Schwed asserted cross claims against Mike's and Kouassi for indemnification. Mike's and Kouassi thereafter moved for summary judgment dismissing the complaint insofar as asserted against them, contending that Schwed's negligent operation of the pickup truck was the sole proximate cause of the accident. In support of the motion, they submitted a transcript of the deposition testimony of Kouassi, which he explained that, at the time of the collision, the tow truck was stopped entirely within the shoulder of the roadway, with its hazard lights and beacon lights activated.

The plaintiffs opposed the motion, and cross-moved for summary judgment on the issue of liability against Mike's and Kouassi. They submitted, inter alia, a transcript of the deposition testimony of the injured plaintiff, in which she stated that, immediately before the collision, she observed the tow truck stopped in the lane in which she and Schwed were traveling, without any lights or other warning devices activated. According to the injured plaintiff, Schwed did not have sufficient time or distance to avoid the accident. The plaintiffs contended that Kouassi stopped the tow truck in the travel lane, in violation of Vehicle and Traffic Law § 1202 (a) (1) (j), and that Kouassi's negligence was a proximate cause of the accident.

Schwed separately opposed the motion of Mike's and Kouassi for summary judgment, and cross-moved for summary judgment on his cross claims against them. He submitted a transcript of his own deposition testimony, in which he stated that he did not see the tow truck at any point prior to the collision. He likewise contended that Kouassi was negligent as a matter of law by violating Vehicle and Traffic Law § 1202 (a) (1) (j), and maintained that Kouassi's alleged negligence constituted the sole proximate cause of the accident.

In the order appealed from, the Supreme Court granted the motion of Mike's and Kouassi for summary judgment, denied the respective cross motions of the plaintiffs and Schwed, and, in effect, upon searching the record, awarded summary judgment on the issue of liability in favor of the plaintiffs and against Schwed.

Mike's and Kouassi demonstrated their prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of Kouassi, in which he testified that he had stopped the tow truck at a location completely outside the lane of travel that was brightly illuminated, and that the presence of the truck was not a proximate cause of the accident (*see Sheehan v City of New York*, 40 NY2d 496 [1976]; *Papadakis v HM Kelly, Inc.*, 97 AD3d 731 [2012]; *Iqbal v Thai*,

83 AD3d 897 [2011]; *Hyland v Calace*, 244 AD2d 318 [1997]). However, in opposition to the motion, the plaintiffs and Schwed raised triable issues of fact regarding whether Kouassi was negligent as a matter of law by stopping the tow truck within a travel lane, thus violating Vehicle and Traffic Law § 1202 (a) (1) (j), and whether such alleged negligence was a proximate cause of the accident (*see Grant v Nembhard*, 94 AD3d 1397 [2012]; *Tannous v MTA Bus Co.*, 83 AD3d 584 [2011]; *Wilson v Rojas*, 63 AD3d 1048 [2009]).

While the evidence submitted by the plaintiffs and Schwed in connection with their respective cross motions was adequate to raise triable issues of fact as to the cause of the accident, it did not establish their entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, those cross motions were properly denied.

The Supreme Court erred in, in effect, searching the record and awarding summary judgment in favor of the plaintiffs and against Schwed, since a triable issue of fact exists as to whether Schwed could not have avoided the collision even if he had not been intoxicated, by virtue of the time and distance in which he had to react to the tow truck's presence (*see generally Dowling v Consolidated Carriers Corp.*, 65 NY2d 799 [1985]; *Wilson v Rojas*, 63 AD3d 1048 [2009]; *cf. Grant v Nembhard*, 94 AD3d 1397 [2012]; *LaSpina v City of New York*, 22 AD3d 528 [2005]).

The parties' remaining contentions are without merit. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.