■ CONSTANTINOS THEODOROU et al., Respondents, v WILLIAM F. PERRY, JR., Respondent, and THEODORA CLEAR et al., Appellants. [12 NYS3d 247]—

In an action to recover damages for personal injuries, etc., the defendants Theodora Clear and Thomas Clear appeal (1) from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 27, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court dated April 14, 2014, as granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability in favor of the plaintiff Augusta Theodorou and against them.

Ordered that the order dated February 27, 2014, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated April 14, 2014, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability in favor of the plaintiff Augusta Theodorou and against the defendants Theodora Clear and Thomas Clear is denied.

On February 5, 2011, at approximately 4:00 a.m., a vehicle owned by the defendant Thomas Clear and operated by the defendant Theodora Clear was struck in the rear by a vehicle owned and operated by the defendant William F. Perry, Jr. At the time, the Clears' vehicle was stopped, adjacent to an open curbside parking space, in the single lane designated for traffic traveling westbound on 75th Street in Brooklyn. Prior to the collision, Theodora's father, the plaintiff Constantinos Theodorou, had exited the Clears' vehicle, and he was standing next to the front passenger door when the accident occurred. Theodora's mother, the plaintiff Augusta Theodorou, was seated in the back seat of the Clears' vehicle at the time of the collision. Following the accident, Perry was given a field sobriety

test and arrested, and he subsequently pleaded guilty to an alcohol-related driving offense.

The plaintiffs commenced this personal injury action against the Clears and Perry. The Clears moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiffs cross-moved for summary judgment on the issue of liability. The Supreme Court denied the Clears' motion and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability in favor of Augusta and against the Clears.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Rungoo v Leary*, 110 AD3d 781, 782 [2013]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v Vialva-Duke*, 106 AD3d 1052 [2013]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Riccio v Kid Fit, Inc.*, 126 AD3d 873 [2015]; *Scala v Scala*, 31 AD3d 423, 424 [2006]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424).

Here, the Clears failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, they submitted Theodora's deposition testimony, in which she stated that she stopped her vehicle for one or two minutes in the only lane for traffic traveling westbound on 75th Street, without activating the hazard lights, to let her father out of the vehicle, even though there was an open curbside parking space. The Clears also submitted Perry's deposition testimony, in which he stated that he was unable to steer his vehicle to the left of the Clears' vehicle since a sanitation truck was passing him on his left side. These submissions failed to establish, prima facie, that Theodora was free from fault in the happening of the accident, especially in light of evidence demonstrating that she violated 34 RCNY 4-07 (b) (1) by obstructing traffic in a lane specifically designated for the movement of traffic. The Clears also failed to establish, prima facie, that Perry's allegedly negligent conduct was the sole proximate cause of the accident (*see Gonzalez v Ceesay*, 98 AD3d 1078, 1079 [2012];

*Adams v Lemberg Enters., Inc.*, 44 AD3d 694, 695 [2007]; *Ferguson v Gassman*, 229 AD2d 464, 465 [1996]). Consequently, the Supreme Court properly denied the Clears' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

"In a personal injury action, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that a defendant was negligent, but also that he or she was free from comparative fault" (*Anjum v Bailey*, 123 AD3d 852, 853 [2014]; *see Ramos v Bartis*, 112 AD3d 804, 804 [2013]; *see also Thoma v Ronai*, 82 NY2d 736, 737 [1993]).

Here, the plaintiffs met their prima facie burden of establishing their entitlement to judgment as a matter of law on the issue of liability in favor of Augusta and against the Clears. They demonstrated that Theodora violated 34 RCNY 4-07 (b) (1) when she stopped the vehicle she was operating in the single westbound travel lane on 75th Street to let Constantinos out of the car, without activating its hazard lights in violation of Vehicle and Traffic Law § 1163 (e), which was some evidence of negligence on Theodora's part (*see Elliott v City of New York*, 95 NY2d 730, 736 [2001]). The plaintiffs also demonstrated that this violation contributed to the happening of the accident through Perry's deposition testimony that he was unable to move to the left to avoid the Clears' vehicle due to the fact that there was a sanitation truck traveling to his left and the Clears' vehicle was blocking the one westbound travel lane on 75th Street.

However, in opposition, the Clears raised a triable issue of fact as to whether Perry's negligence was the sole proximate cause of the accident through the submission of Perry's deposition testimony that he was unable to bring his vehicle to a stop in time to avoid the collision with the rear of the Clears' vehicle despite applying pressure to his brakes and having seen the Clears' vehicle in the travel lane five seconds prior to the impact (*see Anjum v Bailey*, 123 AD3d 852 [2014]; *Pinilla v New York City Tr. Auth.*, 122 AD3d 703 [2014]; *see also Gallo v Jairath*, 122 AD3d 795 [2014]). As a result, the Supreme Court should have denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability in favor of Augusta and against the Clears. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.