■ CHAD RYAN et al., Appellants, v ROCKING HORSE FARMS, LTD., et al., Appellants, and ROBERT C. CHAPPELL, Respondent. [20 NYS3d 397]—In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 29, 2014, as granted that branch of the motion of the defendant Robert C. Chappell which was for summary judgment dismissing the complaint insofar as asserted against him, and the defendants Rocking Horse Farms, Ltd., and Michaele R. Durand appeal from the same order which granted the motion of the defendant Robert C. Chappell for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the appeal by the defendants Rocking Horse Farms, Ltd., and Michaele R. Durand from so much of the order as granted that branch of the motion of the defendant Robert C. Chappell which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as they are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed, on the law, and the motion of the defendant Robert C. Chappell for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the defendants Rocking Horse Farms, Ltd., and Michaele R. Durand, payable by the defendant Robert C. Chappell.

The plaintiff Chad Ryan (hereinafter the injured plaintiff) was a passenger in a vehicle operated by the defendant Robert C. Chappell when it was rear ended by a vehicle owned by the defendant Rocking Horse Farms, Ltd., and operated by the defendant Michaele R. Durand. After the accident the injured plaintiff, and his wife suing derivatively, commenced this action against the defendants. Chappell moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending that Durand was solely at fault in the happening of the accident. The Supreme Court granted the motion.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Theodorou v Perry*, 129 AD3d 1056, 1057 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]). Here, Chappell failed to meet his initial burden as the movant. In support of his summary judgment motion, Chappell submitted the deposition testimony of the parties, which presented conflicting accounts of the facts surrounding the accident. According to Durand, Chappell's vehicle began to move forward when the light turned green, but then stopped suddenly and without warning in the intersection despite the fact that it was clear of traffic and pedestrians. Under the circumstances, a triable issue of fact exists as to whether Chappell was at fault in the happening of the accident (*see Fernandez v Babylon Mun. Solid Waste*, 117 AD3d 678, 678-679 [2014]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 846 [2012]).

Accordingly, the Supreme Court should have denied Chappell's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.