■ CARLOS PILLASAGUA, Appellant, v ROBERT LOSCO, Respondent. [23 NYS3d 339]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated May 7, 2015, as denied that branch of his motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff testified at his deposition that between 1:00 a.m. and 2:00 a.m. on the morning of November 10, 2013, he was sitting in the driver's seat of a parked vehicle when it was struck in the rear by a vehicle owned and operated by the defendant. According to the plaintiff, the vehicle he was sitting in was parked at a bus stop, six inches away from the curb. The defendant testified at his deposition that he was driving behind a white van when that vehicle suddenly swerved to the left to avoid the plaintiff's vehicle, which was stopped in a lane of travel at least three to four feet away from curb. The plaintiff subsequently moved, among other things, for summary judgment on the issue of liability, and the Supreme Court denied that branch of the motion.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rear vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Finney v Morton*, 127 AD3d 1134 [2015]; *Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 670-671 [2013]).

Here, the deposition testimony of the parties, which the plaintiff submitted in support of that branch of his motion which was for summary judgment on the issue of liability, was insufficient to demonstrate, prima facie, the plaintiff's entitlement to judgment as a matter of law. "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]). Thus, even if the defendant was negligent in failing to exercise reasonable care to avoid colliding with the plaintiff's vehicle (*see Hauswirth v Transcare N.Y., Inc.*, 97 AD3d 792 [2012]), the plaintiff's submissions failed to eliminate a triable issue as to the plaintiff's freedom from comparative fault based upon the conflicting allegations as to the placement of the plaintiff's vehicle within the roadway (*see Gonzalez v*

*Ceesay*, 98 AD3d 1078, 1079 [2012]). In light of the plaintiff's failure to meet his prima facie burden, we need not consider the sufficiency of the papers submitted in opposition to the plaintiff's motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the subject branch of the plaintiff's motion. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.