■ Humberto Gonzalez, Respondent, v Mazile S. Marescot, Appellant. [33 NYS3d 26]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 3, 2015, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff testified that he stopped his vehicle in the right lane of the highway at night after one of its tires went flat, then activated his hazard lights, exited the vehicle, and stood behind the vehicle while signaling other drivers to go around him. Approximately 10 minutes later, defendant's vehicle rear-ended plaintiff's vehicle, allegedly causing injury. At his deposition, defendant testified, inter alia, that he did not see plaintiff's vehicle in time to avoid a collision because he was driving in the right lane behind another car, which blocked his vision of plaintiff's stopped vehicle, and when the other car suddenly merged into the left lane, defendant saw plaintiff's vehicle for the first time, and collided with it. Defendant claimed that plaintiff's hazard lights were not activated, and that his ability to avoid a collision was hampered because plaintiff's black vehicle could not be seen at night on the dark area of roadway.

Although there is a presumption of liability based upon the rear-end collision (*see Francisco v Schoepfer*, 30 AD3d 275 [1st Dept 2006]), questions of fact exist as to whether the emergency doctrine applies so as to provide defendant with a reasonable excuse for the collision. Such issues include whether plaintiff's

hazard lights were flashing, whether defendant maintained a safe distance behind the car driving in front of him, and whether under the circumstances defendant acted reasonably to avoid the collision (*see Markowitz v Lewis*, 40 AD3d 371 [1st Dept 2007]; *see also Pillasagua v Losco*, 135 AD3d 843 [2d Dept 2016]). Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ.