■ LUIS RAMON ESTEBAN PENA, Respondent, v CHRISTINA SPADE et al., Appellants. [43 NYS3d 473]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 20, 2016, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

This action arises from a motor vehicle accident that occurred in Brooklyn involving the plaintiff's vehicle and a vehicle owned by the defendant Christina Spade and operated by the defendant Luke Rettler. The plaintiff testified during his deposition that he was sitting in his vehicle, which was parked within the parking lane of 45th Street, about 10 feet behind its intersection with Fourth Avenue, when the front passenger side of the defendants' vehicle struck the front driver's side of the plaintiff's vehicle. The defendant driver testified during his deposition that he was attempting to make a right turn from 45th Street onto Fourth Avenue when his vehicle came into contact with the plaintiff's vehicle, which was parked entirely within the crosswalk on 45th Street. In moving for summary judgment on the issue of liability, the plaintiff submitted, inter alia, transcripts of his own deposition testimony and the deposition testimony of the defendant driver. The Supreme Court granted the motion.

"[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (*Barbieri v Vokoun*, 72 AD3d 853, 856 [2010]; *see Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]). However, there can be more than one proximate cause and, thus, a plaintiff moving for summary judgment has the burden of establishing, prima facie, freedom from comparative fault (*see Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *Pillasagua v Losco*, 135 AD3d 843 [2016]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]).

Here, the plaintiff failed to submit evidence sufficient to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability. The parties provided conflicting testimony as to where the plaintiff's vehicle was located at the time of the accident. Under the circumstances, triable issues of fact exist as to whether the plaintiff violated section 1202 (a) (1) (d) of the Vehicle and Traffic Law, and if so, whether this violation was a proximate cause of the accident (*see Pillasagua v Losco*, 135 AD3d 843 [2016]; *Theodorou v Perry*, 129 AD3d 1056, 1057 [2015]; *Gall v Schwed*, 119 AD3d 524, 525-526 [2014]; *Gonzalez v Ceesay*, 98 AD3d 1078, 1079 [2012]; *Wilson v Rojas*, 63 AD3d 1048, 1049-1050 [2009]). Since the plaintiff failed to meet his initial burden as the movant, it is not necessary to review the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.