Carr v Cali (2019 NY Slip Op 04130)





Carr v Cali


2019 NY Slip Op 04130


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10589
 (Index No. 705483/13)

[*1]Conor P. Carr, appellant, 
v
Salvatore Cali, et al., respondents, et al., defendants.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered August 30, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Salvatore Cali and Apple Towing Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries allegedly sustained by him in a motor vehicle accident on the Long Island Expressway. The accident allegedly occurred when, in an attempt to avoid colliding with a disabled truck which was stopped in his lane of travel, the plaintiff attempted to move his vehicle into the lane to the right. The plaintiff's vehicle came into contact with a motor vehicle traveling in that lane, and then struck the right rear corner of the disabled truck. A tow truck owned by the defendants Apple Towing Co., Inc., and operated by the defendant Salvatore Cali (hereinafter together the tow truck defendants), was responding to the scene to remove the disabled truck. The tow truck was in front of the disabled truck at the time of the collision and there is no evidence that it came into contact with the plaintiff's vehicle. The plaintiff alleged, inter alia, that the tow truck defendants violated the Vehicle and Traffic Law and negligently stopped the tow truck on the highway, which created a hazard and danger for other vehicles. The tow truck defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not a proximate cause of the accident. The Supreme Court granted the motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the submissions of the tow truck defendants demonstrated, prima facie, that they did not violate Vehicle and Traffic Law § 1202(a)(1)(j) since Cali stopped on the highway in front of the disabled truck in order to remove it from the middle lane of the expressway, which constituted an emergency (see Vehicle and Traffic Law § 1202[a][1][j]; Pinilla v City of New York, 136 AD3d 774, 777). The tow truck defendants further demonstrated [*2]that they did not negligently fail to warn oncoming traffic of the presence of the disabled truck (cf. Gregson v Terry, 35 AD3d 358, 361). Moreover, the submissions of the tow truck defendants demonstrated that the location of the tow truck was not a proximate cause of the accident, as the plaintiff testified at his deposition that he did not see the tow truck at any time and his vehicle did not come into contact with it (cf. Gall v Schwed, 119 AD3d 524, 525-526; Wilson v Rojas, 63 AD3d 1048, 1049). Similarly, any insufficiency in the tow truck defendants' warning of the presence of the disabled truck to oncoming traffic could not have been a proximate cause of the accident, since the plaintiff testified that his view of the disabled truck was obstructed by the presence of a large vehicle in the lane in front of him (see generally McLean v Ripoli, 157 AD3d 604, 605; Iqbal v Thai, 83 AD3d 897, 898). The plaintiff failed to raise a triable issue of fact in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination granting that branch of the tow truck defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court