Colletti v City of New York (2022 NY Slip Op 05019)

Colletti v City of New York

2022 NY Slip Op 05019

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-01336
 (Index No. 626/17)

[*1]Mario Colletti, appellant, 
v
City of New York, et al., defendants, Peapod, LLC, respondent.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant.
Torino & Bernstein, P.C., Mineola, NY (Christine M. Capitolo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 20, 2019. The order granted the motion of the defendant Peapod, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Peapod, LLC, which was for summary judgment dismissing all cross claims insofar as asserted against it is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendant Peapod, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendant Peapod, LLC.
On August 6, 2016, at approximately 10:30 a.m., the plaintiff was operating his motorcycle near the intersection of Douglaston Parkway and Church Street in Queens, when his motorcycle allegedly struck a manhole cover or a defect in the roadway. A delivery truck owned by the defendant Peapod, LLC (hereinafter Peapod), was double-parked in the same lane of traffic in which the plaintiff was traveling. The plaintiff alleged that the presence of the double-parked truck caused him to apply the brakes of the motorcycle, resulting in his fall and injury.
The plaintiff commenced this action against Peapod, among others, alleging that the negligent parking of Peapod's truck was a cause of the accident. Peapod moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that the presence of its truck was not a proximate cause of the accident. In an order entered November 20, 2019, the Supreme Court, inter alia, granted that branch of Peapod's motion. The plaintiff appeals.
In support of its motion, Peapod submitted the transcript of the plaintiff's deposition testimony in which the plaintiff testified that his motorcycle struck a road defect, but that the defect did not cause him to immediately fall or apply the brakes. Instead, when the motorcycle encountered the defect, the motorcycle veered toward Peapod's double-parked truck 40 yards ahead of him in the same lane of traffic. In order to avoid colliding with the truck, the plaintiff applied the front brakes of the motorcycle, which resulted in him flipping over the motorcycle. Given this evidence, it cannot be said that Peapod established as a matter of law that the truck merely furnished the occasion for the accident (see Poon v Nisanov, 162 AD3d 804; Borbon v Pescoran, 73 AD3d 502; Wilson v Rojas, 63 AD3d 1048). Rather, this testimony demonstrated the existence of a triable issue of fact as to whether the presence of Peapod's double-parked truck was a proximate cause of the accident (see Dowling v Consolidated Carriers Corp., 65 NY2d 799; Poon v Nisanov, 162 AD3d at 805-806; Gall v Schwed, 119 AD3d 524, 525-526; Wilson v Rojas, 63 AD3d at 1049; White v Diaz, 49 AD3d 134, 140). Further, the evidence relied upon by Peapod in support of its motion failed to establish, prima facie, that its truck was not negligently parked or violating applicable traffic regulations (see 34 RCNY 4-08[f][1]; Vehicle and Traffic Law § 1202[a][1][a]; Gall v Schwed, 119 AD3d at 525-526).
Since Peapod failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, it is unnecessary to consider the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of Peapod's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court