Burton v Virk (2024 NY Slip Op 01792)

Burton v Virk

2024 NY Slip Op 01792

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-03119
 (Index No. 520070/21)

[*1]Racquel N. Burton, plaintiff/counterclaim defendant-respondent, Sharon Fenton, plaintiff-respondent, 
v
Zulfqar Ali Virk, defendant/counterclaim plaintiff-appellant.

Nancy L. Isserlis (The Zweig Law Firm, P.C., Woodmere, NY [Daniel P. Rifkin], of counsel), for defendant/counterclaim plaintiff-appellant.
Terilli & Tintle, PLLC, New York, NY (Giancarlo Terilli of counsel), for plaintiff/counterclaim defendant-respondent and plaintiff-respondent.
James G. Bilello, Hicksville, NY (Katie A. Walsh of counsel), for plaintiff/counterclaim defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant/counterclaim plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated February 8, 2023. The order granted the motion of the plaintiff/counterclaim defendant and the plaintiff for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence and the counterclaim asserted against the plaintiff/counterclaim defendant, and granted the separate motion of the plaintiff/counterclaim defendant for summary judgment dismissing the counterclaim asserted against her.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the plaintiff/counterclaim defendant and the plaintiff which was for summary judgment dismissing the affirmative defense alleging comparative negligence insofar as asserted against the plaintiff/counterclaim defendant, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the motion of the plaintiff/counterclaim defendant and the plaintiff which was for summary judgment dismissing the counterclaim asserted against the plaintiff/counterclaim defendant, and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof granting the separate motion of the plaintiff/counterclaim defendant for summary judgment dismissing the counterclaim asserted against her, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2018, the defendant/counterclaim plaintiff, Zulfqar Ali Virk, was operating a vehicle in Brooklyn when that vehicle came into contact with the rear of a vehicle operated by the plaintiff/counterclaim defendant, Racquel N. Burton, in which the plaintiff, Sharon Fenton, was a passenger. Shortly before the accident, Burton had stopped her vehicle in a traffic lane to allow a passenger to exit.
Burton and Fenton commenced this action against Virk to recover damages for personal injuries that they allegedly sustained as a result of the accident. In his answer, Virk asserted certain affirmative defenses and asserted a counterclaim against Burton.
Burton and Fenton moved for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence and the counterclaim asserted against Burton. In support of their motion, Burton and Fenton contended that Virk's negligence in coming into contact with the rear of Burton's vehicle was the sole proximate cause of the accident. Burton and Fenton also contended that Fenton was an innocent passenger. Burton separately moved for summary judgment dismissing the counterclaim asserted against her, contending that Virk's negligence in coming into contact with the rear of Burton's vehicle was the sole proximate cause of the accident. By order dated February 8, 2023, the Supreme Court granted the motion of Burton and Fenton and Burton's separate motion. Virk appeals.
Contrary to Virk's contention, the Supreme Court properly granted that branch of the motion of Burton and Fenton which was for summary judgment on the issue of liability. A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case against a defendant on the issue of that defendant's liability (see Rodriguez v City of New York, 31 NY3d 312, 317-323; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 813). Here, in support of their motion, Burton and Fenton submitted affidavits by which they each established, prima facie, that Virk was negligent in coming into contact with the rear of Burton's vehicle, which had been stopped for approximately 20 to 30 seconds, and that his negligence was a proximate cause of the accident (see Clements v Giatas, 178 AD3d 894, 895; Motta v Gomez, 161 AD3d 725, 726). In an affidavit in opposition, Virk averred that a large van that had been traveling in front of him suddenly crossed a double yellow line and entered the opposite lane of traffic, traveling around Burton's double-parked vehicle, which was directly in front of him. Virk stated that he had applied his brakes to avoid Burton's vehicle, which did not have its hazard lights on, but was unable to stop in time to avoid a collision. Virk's submissions, however, failed to raise a triable issue of fact as to whether he was faced with an emergency not of his own making (see Capuozzo v Miller, 188 AD3d 1137, 1138; Ordonez v Lee, 177 AD3d 756, 757) or whether the presence of Burton's vehicle was the sole proximate cause of the accident (see generally Ferrer v Harris, 55 NY2d 285, 293-294; Colletti v City of New York, 208 AD3d 749, 750-751; Theodorou v Perry, 129 AD3d 1056, 1056-1058; Ferguson v Gassman, 229 AD2d 464, 464-465; Sullivan v Locastro, 178 AD2d 523, 524-526).
The Supreme Court properly granted that branch of the motion of Burton and Fenton which was for summary judgment dismissing the affirmative defense alleging comparative negligence insofar as asserted against Fenton. Fenton was an innocent passenger and was not at fault in the happening of the accident (see Ochoa v Townsend, 209 AD3d 867, 868; Lopez v Suggs, 186 AD3d 589, 590).
However, the Supreme Court should have denied that branch of the motion of Burton and Fenton which was for summary judgment dismissing the affirmative defense alleging comparative negligence insofar as asserted against Burton. The submissions of Burton and Fenton failed to demonstrate, prima facie, that Burton was not negligent in the operation of Burton's vehicle or that her alleged negligence was not a proximate cause of the accident (see 34 RCNY 4-08[f][1]; Vehicle and Traffic Law § 1202[a][1][a]; Dowling v Consolidated Carriers Corp., 65 NY2d 799, 801; Gonzalez v Ceesay, 98 AD3d 1078, 1079; Ferguson v Gassman, 229 AD2d at 464-465; cf. Charles v Bagels by Bell, Ltd., 203 AD3d 797, 797). Contrary to Burton and Fenton's contention, they failed to establish that Burton had stopped the vehicle at a location where it was permissible to do so momentarily for the purpose of discharging a passenger (see Vehicle and Traffic Law § 1202[a][2]). For the same reason, the court also should have denied that branch of the motion of Burton and Fenton which was for summary judgment dismissing the counterclaim asserted against Burton, and Burton's separate motion for summary judgment dismissing that counterclaim.
Virk's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court