■ DOROTHY GRAY, Respondent, v AMERADA HESS CORP., Appellant, and JOHN DOE et al., Respondents. [853 NYS2d 157]—

In an action to recover damages for personal injuries, the defendant Amerada Hess Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated November 14, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff-respondent.

The plaintiff allegedly was injured when a car hit her from behind as she was making a purchase at the window of a kiosk located in a gas station owned by the defendant Amerada Hess Corp. (hereinafter Hess). The driver's identity was never ascertained, as he or she fled the scene immediately. The plaintiff sued, among others, Hess, alleging, inter alia, that Hess was negligent in failing to erect barriers to prevent vehicles from hitting pedestrians using its outdoor kiosk window. Discovery revealed that other Hess gas stations were equipped with two-foot high, inverted U-shaped barriers, called "bollards," placed in front of the kiosks, where pedestrians made their purchases. On appeal, Hess claims that it proved its prima

facie entitlement to summary judgment and that the plaintiff failed to raise a triable issue of fact, arguing, inter alia, that the actions of the unknown driver were the sole proximate cause of the plaintiff's injuries.

"Generally, issues of proximate cause are for the fact finder to resolve" (*Adams v Lemberg Enters., Inc.,* 44 AD3d 694, 695 [2007]). Here, triable issues of fact exist as to whether properly placed bollards could have prevented the plaintiff's injuries. Moreover, since questions concerning what is foreseeable may be the subject of varying inferences, these issues are generally for the fact finder to resolve (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]). In these circumstances, where the kiosk was specifically designed so that pedestrians were required to stand with their backs to vehicles maneuvering to access the gasoline pumps which surrounded it, and where protective barriers were placed in front of the kiosks at other Hess gas stations, we cannot say, as a matter of law, that the accident was unforeseeable (*see Phelan v Ferello,* 207 AD2d 874, 875 [1994]; *Arena v Ostrin,* 134 AD2d 306 [1987]), or that the unknown driver's intervening act of negligence was "of such an extraordinary nature or so attenuated the appellants' possible negligence from the ultimate injuries as to be deemed a superseding cause necessarily relieving the appellant of liability" (*Arena v Ostrin,* 134 AD2d at 307).

Accordingly, the Supreme Court properly denied Hess's motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it. Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.