Jan Zebzda, Appellant, v Hudson Street, LLC, et al., Respondents. [897 NYS2d 727]—

In an action to recover damages for personal injuries, the

plaintiff appeals from a judgment of the Supreme Court, Kings County (Shack, J.), dated September 9, 2008, which, upon the granting of the application of the defendant Hudson Street, LLC, in effect, to dismiss the complaint insofar as asserted against it, and upon an order of the same court dated May 12, 2008, granting the motion of the defendant Cogswell Realty Group, LLC, pursuant to CPLR 4401 for judgment as a matter of law, after a nonjury trial, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, the application of the defendant Hudson Street, LLC, in effect, to dismiss the complaint insofar as asserted against it and the motion of the defendant Cogswell Realty Group, LLC, pursuant to CPLR 4401 for judgment as a matter of law are denied, the complaint is reinstated, the order dated May 12, 2008, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him when he fell while descending an interior staircase in the common area of a building being converted from commercial space into condominiums. The plaintiff's trial testimony demonstrated that the area of the staircase where he fell was wet and did not have a handrail. The plaintiff slipped as he was descending the stairs, and, as he was falling, he attempted to grasp a handrail, but none was present.

At trial, the plaintiff sought to present the testimony of an expert witness, who was to testify as to generally accepted engineering safety standards, and that, in his expert opinion, such standards required that a handrail be present in the staircase where the plaintiff fell. Generally, the admission of expert testimony is a matter that lies within the sound discretion of the trial court (see Berger v Tarry Fuel Oil Co., 32 AD3d 409 [2006]). Here, the Supreme Court granted the defendants' motion to preclude the testimony of the plaintiff's expert, concluding that, since the absence of a handrail did not violate any applicable code or ordinance, the defendants could not be held liable under generally accepted engineering safety standards. While it is not disputed that the absence of a handrail in the subject stairwell did not violate any code or ordinance, the absence of such violations only absolved the defendants of the mandatory duty that such provisions might otherwise impose (see Swerdlow v WSK Props. Corp., 5 AD3d 587, 588 [2004]), and is not dispositive of the plaintiff's allegations based on

common-law negligence principles (*see Washington v Albany Hous. Auth.*, 297 AD2d 426, 427 [2002]; *see also Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady*, 223 AD2d 826, 828-829 [1996]). Had he been permitted to testify, the plaintiff's expert could have addressed whether, under the circumstances presented here, the absence of a handrail was a departure from generally accepted customs and practices, and whether the defendants were negligent in failing to provide a handrail. Accordingly, the Supreme Court improvidently exercised its discretion in precluding the plaintiff from presenting the proposed expert testimony (*see Duncan v Corbetta*, 178 AD2d 459, 459 [1991]; *see also Kormusis v Jeffrey Gardens Apt. Corp.*, 31 AD3d 392, 393 [2006]), and the preclusion of this testimony deprived the plaintiff of a fair trial.

Moreover, the Supreme Court erred in granting the application of the defendant Hudson Street, LLC (hereinafter Hudson), in effect, to dismiss the complaint insofar as asserted against it on the ground that, as the sponsor of the condominium, Hudson was not liable for injuries which took place after the declaration establishing the plan of condominium was recorded. Since it is unclear on this record the extent to which Hudson maintained control over the building during its conversion from commercial space into a condominium development (*see generally* Multiple Dwelling Law § 4 [44]; *Pekelnaya v Allyn*, 25 AD3d 111 [2005]), the Supreme Court should have denied the application. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.