■ KHADIJEH ETMINAN, Respondent, v JOHN ESPOSITO et al., Respondents, and SIMON PROPERTY GROUP, LP, Appellant. [6 NYS3d 103]—

In an action to recover damages for personal injuries, the defendant Simon Property Group, LP, appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated January 31, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly sustained personal injuries when she was struck by a vehicle owned by the defendant John Esposito and operated by his wife, the defendant Ellen Esposito (hereinafter together the Espositos), as she was walking across the roadway within the parking lot area of the Walt Whitman Mall. The accident occurred when, after exiting the parking garage and stopping the vehicle at a stop sign, Ellen Esposito attempted to turn left and struck the plaintiff in the roadway. The area of the roadway where the accident occurred did not contain a pedestrian crosswalk.

The plaintiff thereafter commenced this action against the Espositos and the defendant Simon Property Group, LP (hereinafter Simon). Simon moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied Simon's motion.

A property owner is charged with the duty " 'to provide members of the general public with a reasonably safe premises, including a safe means of ingress and egress' " (*Arabian v Benenson*, 284 AD2d 422, 422 [2001], quoting *Thomassen v J & K Diner*, 152 AD2d 421, 424 [1989]). To be entitled to summary judgment, a defendant property owner is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises (*see Cassone v State of New York*, 85 AD3d 837, 838 [2011]; *Luksch v Blum-Rohl Fishing Corp.*, 3 AD3d 475, 476 [2004]).

Under the circumstances of this case, Simon failed to establish, prima facie, that it was free from fault. Simon did not establish, prima facie, that it did not create or have notice of a dangerous condition in that area of the parking lot (*see Cassone v State of New York*, 85 AD3d at 839). Simon also failed to

establish, prima facie, that even if a dangerous condition existed at the location where the accident occurred, the actions of the plaintiff and Ellen Esposito constituted a superseding cause relieving Simon of liability to the plaintiff (*see Gray v Amerada Hess Corp.*, 48 AD3d 747, 748 [2008]; *Arena v Ostrin*, 134 AD2d 306, 307 [1987]; *cf. Comolli v 81 & 13 Cortland Assoc.*, 285 AD2d 863, 864 [2001]). Moreover, Simon did not establish, prima facie, that the plaintiff and Ellen Esposito were familiar with the location where the accident occurred such that any negligence on its part was not a proximate cause of the accident (*see Russo-Martorana v Theophilakos*, 46 AD3d 1047, 1049 [2007]; *Lifson v City of Syracuse*, 41 AD3d 1292, 1294 [2007]).

Accordingly, the Supreme Court properly denied Simon's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposition papers of the plaintiff and the Espositos (*see Simmons v Canady*, 95 AD3d 1201, 1203 [2012]). Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.