Sussman v MK LCP Rye LLC (2018 NY Slip Op 06143)





Sussman v MK LCP Rye LLC


2018 NY Slip Op 06143


Decided on September 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 20, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


156066/14 6976 6975

[*1]Andrew Sussman, Plaintiff-Respondent,
v
MK LCP Rye LLC, et al., Defendants-Appellants.


Mauro Lilling Naparty, LLP, Woodbury (Anthony F. DeStefano of counsel), for appellants.
Meyer Suozzi English & Klein, P.C., Garden City (Kevin Schlosser of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 25, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 23, 2018, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.
In opposition to defendants' prima facie showing that the hotel stairwell from which plaintiff fell was in reasonably safe condition, plaintiff raised an issue of fact by submitting an affidavit by an expert engineer who averred that the stairwell violated National Fire Protection Association (NFPA) No. 101. NFPA No. 101, which was listed in the "Generally Accepted Standards Applicable to the State Building Construction Code" in effect at the time of the hotel's construction, advocated the construction of a 42-inch-high guardrail along the stairwell. The record shows that the existing guardrail was no more than 32 inches high. A violation of NFPA No. 101, which was "applicable by reference in the [State] Building Construction Code - not incorporation - would constitute some evidence of negligence and may establish a standard of care" (Lugo v State of New York, 7 Misc 3d 1027[A], 2005 NY Slip Op 50792[U], *6 [Ct Cl 2005] [footnote and internal citations omitted]; see Zebzda v Hudson St., LLC, 72 AD3d 679, 680-681 [2d Dept 2010]).
The cases on which defendants rely are distinguishable because the plaintiffs' experts in those cases did not offer the requisite "concrete proof of the existence of the relied-upon standard as of the relevant time" (Hotaling v City of New York, 55 AD3d 396, 398 [1st Dept 2008], affd 12 NY3d 862 [2009]; see also e.g. Schmidt v One N.Y. Plaza Co. LLC, 153 AD3d 427, 430 [1st Dept 2017]).
Defendants failed to establish prima facie that they did not have constructive notice of a dangerous or defective condition. They argue that the stairwell complied with applicable building codes and that they never received any violations regarding the stairwell. However, their claimed compliance with applicable building codes is not dispositive of whether they breached their common-law duty of care (Kellman v 45 Tiemann Assoc., 87 NY2d 871 [1995]). Moreover, the existence of a guardrail less than 42 inches high, although not in violation of a particular mandatory code, was obvious and had existed for a sufficient time for defendants to discover and remedy it. Contrary to defendants' argument, plaintiff's inability to identify the cause of his slip or trip on the stairs, which made him lose his balance and go over the rail, is not fatal to his claims, given the evidence supporting his contention that the proximate cause of his [*2]injuries was the lack of a 42-inch guardrail. In any event, there can be more than one proximate cause of an accident.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 20, 2018
CLERK