Cox v 118 E. 60th Owners, Inc. (2020 NY Slip Op 07540)





Cox v 118 E. 60th Owners, Inc.


2020 NY Slip Op 07540


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-00903
 (Index No. 9423/12)

[*1]Colleen Cox, respondent,
v
118 East 60th Owners, Inc., et al., appellants.


D'Amato & Lynch, LLP, New York, NY (Arturo M. Boutin and Laurie Beatus of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 9, 2017. The order denied the motion of the defendants 118 East 60th Owners, Inc., Matthew Adam Properties, Inc., and Linco Restoration Corp. for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the appeal by the defendant Patron Construction Corp. is dismissed, without costs or disbursements, as it is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-57); and it is further,
ORDERED that the order is affirmed on the appeal by the defendants 118 East 60th Owners, Inc., Matthew Adam Properties, Inc., and Linco Restoration Corp., without costs or disbursements.
The plaintiff allegedly was injured when she slipped and fell on a temporary plywood ramp outside the store where she worked. The ramp allowed the public to enter and exit the store while the sidewalk in front of the building was being replaced.
The defendant 118 East 60th Owners, Inc. (hereinafter 118 East), owned the building in which the store was located, and the defendant Matthew Adam Properties, Inc. (hereinafter MAP), was 118 East's managing agent. Prior to the accident, 118 East hired the defendant Linco Restoration Corp. (hereinafter Linco) as general contractor, to replace the sidewalk in front of the store, and Linco, in turn, subcontracted the work to the defendant Patron Construction Corp.
The plaintiff commenced this action against the defendants, alleging, inter alia, that the temporary ramp was defectively designed in violation of various building code requirements and posed a slipping hazard, particularly when wet. After the completion of discovery, 118 East, MAP, and Linco (hereinafter collectively the moving defendants) moved for summary judgment dismissing the amended complaint insofar as asserted against them. Without addressing the plaintiff's allegations that the ramp had been defectively designed in violation of applicable building codes, the moving defendants argued that they neither constructed nor maintained the ramp and had no notice of its alleged dangerous condition. By order dated November 9, 2017, the Supreme Court denied the motion. This appeal ensued.
Where premises are open to the public, "the owner has a nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress" which "may not be delegated by the owner to its agents or employees, or to an independent contractor" (Backiel v Citibank, 299 AD2d 504, 505; see Horowitz v 763 E. Assoc., LLC, 125 AD3d 808, 810; Blatt v L'Pogee, Inc., 112 AD3d 869; Grizzell v JQ Assoc., LLC, 110 AD3d 762, 764; Arabian v Benenson, 284 AD2d 422; Thomassen v J & K Diner, 152 AD2d 421, 423-424).
Here, in light of the specific allegations made by the plaintiff in her pleadings, 118 East could not meet its burden merely by asserting that it neither constructed nor maintained the allegedly dangerous temporary ramp. Thus, the moving defendants' initial motion papers were insufficient to establish their prima facie entitlement to judgment as a matter of law. Moreover, "[a] party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply, and generally, evidence submitted for the first time in reply papers should be disregarded by the court" (Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 943-944 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Tamargo, 177 AD3d 750, 753). Accordingly, we agree with the Supreme Court's determination denying the motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court