Robins v City of Long Beach (2021 NY Slip Op 01277)





Robins v City of Long Beach


2021 NY Slip Op 01277


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-12770
 (Index No. 600405/10)

[*1]Wendy Robins, et al., appellants,
v City of Long Beach, defendant, EMB Long Beach, LLC, et al., respondents.


Lieb at Law, P.C., Smithtown, NY (Dennis C. Valet of counsel), for appellants.
Gallo Vitucci Klar LLP, New York, NY (Yolanda L. Ayala of consel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau Count (Anthony L. Parga, J.), dated July 9, 2018. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendants EBM Long Beach, LLC, and Aqua Construction Corp. and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is reversed, on the facts and in the exercise of discretion, with costs, the complaint insofar as asserted against the defendants EBM Long Beach, LLC, and Aqua Construction Corp. is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability.
The plaintiff Wendy Robins (hereinafter the injured plaintiff) fell after stepping onto a curb adjacent to an unfinished driveway apron leading to an underground parking garage in a condominium building that was under construction in Long Beach. The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the defendants EBM Long Beach, LLC, the owner of the property, and Aqua Construction Corp., the construction company at the site (hereinafter together the defendants). After a trial on the issue of liability, the jury found in favor of the defendants. Thereafter, the Supreme Court entered a judgment dismissing the complaint insofar as asserted against the defendants. The plaintiffs appeal.
"[E]xpert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (De Long v County of Erie, 60 NY2d 296, 307; see Christoforatos v City of New York, 90 AD3d 970, 970). The admissibility and scope of expert testimony is a determination within the discretion of the trial court (see De Long v County of Erie, 60 NY2d at 307; see Christoforatos v City of New York, 90 AD3d at 970).
Here, the Supreme Court improvidently exercised its discretion in precluding the testimony of the plaintiffs' proposed expert witness as to industry safety standards relating to the construction of sidewalks (see Zebzda v Hudson St., LLC, 72 AD3d 679, 680-681). Contrary to the [*2]defendants' contention, the record shows no appreciable difference between the unfinished driveway apron where the injured plaintiff fell, which was left open to pedestrians, and the adjoining unfinished sidewalks, which were barricaded by a fence and barrels. Moreover, the absence of a violation of a specific code or ordinance is not dispositive of the plaintiffs' allegations based on common-law negligence principles (see Romero v Waterfront N.Y., 168 AD3d 1012, 1013; Alexis v Motel Oasis, 143 AD3d 926, 927). Had the plaintiffs' expert been permitted to testify, he could have addressed whether, under the circumstances presented, the defendants' failure to barricade the driveway apron or otherwise warn pedestrians of its unfinished condition was a departure from generally accepted customs and practices and whether the defendants were negligent in failing to do so (see Zebzda v Hudson St., LLC, 72 AD3d at 681). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new trial on the issue of liability.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court