Narainasami v City of New York (2022 NY Slip Op 01456)





Narainasami v City of New York


2022 NY Slip Op 01456


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2018-12574
 (Index No. 15788/09)

[*1]Ambeeka Narainasami, etc., appellant, 
v
City of New York, et al., respondents, et al., defendants (and a third-party action).


Jacoby & Meyers LLP (Finkelstein & Partners, LLP, Newburgh, NY [Michael Feldman and Andrew L. Spitz], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Larry H. Lum and Melissa Greenberg of counsel), for respondents.
Chesney, Nicholas & Brower LLP, Syosset, NY (John F. Janowski of counsel), for defendants Brink Elevator Corp., Herk Elevator Co., Inc., and Brink Elevator Corp., doing business as Herk Elevator Co., Inc.
McNamara & Horowitz LLP, New York, NY (David Paul Horowitz, John T. McNamara, and Salvatore Lapetina of counsel), for defendant Otis Elevator Company.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered August 23, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York, Queens Ballpark Company, LLC, Sterling Mets, L.P., Sterling Mets, L.P., doing business as New York Mets, and Sterling Equities, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 15, 2008, Antonio Narainasami (hereinafter the decedent) and several companions attended a New York Mets baseball game at Shea Stadium where they sat in the upper level. The decedent's group left during the eighth inning. Although escalators had been turned off at the end of the seventh inning and barricades had been placed to prevent spectators from walking down the escalators in accordance with the stadium's policy to have spectators exit via ramps, the decedent and his companions instead chose to exit by walking down a stopped escalator. While descending the stopped escalator, the decedent fell over the handrail to a lower escalator approximately 50 feet below and died.
The plaintiff, as administrator of the decedent's estate and individually, commenced this action against, among others, the defendants City of New York, Queens Ballpark Company, LLC, Sterling Mets, L.P., Sterling Mets, L.P., doing business as New York Mets, and Sterling [*2]Equities, LLC (hereinafter collectively the stadium defendants), inter alia, to recover damages for the decedent's conscious pain and suffering and for the plaintiff's expenses and derivative damages. The stadium defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
"Landowners generally owe a duty of care to maintain their property in a reasonably safe condition, and are liable for injuries caused by a breach of this duty" (Henry v Hamilton Equities, Inc., 34 NY3d 136, 142; see Sneed v Fulton Park Four Assoc., L.P., 192 AD3d 1058, 1059). Where members of the public are invited onto the premises, the owner has "'a nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress'" (Cox v 118 E. 60th Owners, Inc., 189 AD3d 1169, 1170, quoting Backiel v Citibank, 299 AD2d 504, 505; see Gallagher v St. Raymond's R. C. Church, 21 NY2d 554, 557; see also Bynum v Keber, 135 AD3d 1066, 1067).
The scope of a landowner's duty extends to maintaining its property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Alonzo v City of New York, 188 AD3d 1123, 1124 [internal quotation marks omitted]; see J.R. v City of New York, 170 AD3d 1211, 1212). Despite this basic duty, "there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (Sneed v Fulton Park Four Assoc., L.P., 192 AD3d at 1059; see Masker v Smith, 188 AD3d 867, 868). We agree with the Appellate Division, First Department, that a stationary escalator, without more, is not inherently dangerous (see Adamo v National R.R. Passenger Corp., 71 AD3d 557, 558; Schurr v Port Auth. of N.Y. & N.J., 307 AD2d 837, 838; see also Roberts v Old Navy, 134 AD3d 1088; Jaikran v Shoppers Jamaica, LLC, 85 AD3d 864, 867).
"'[A] defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 749, quoting Ash v City of New York, 109 AD3d 854, 855; see Moiseyeva v New York City Hous. Auth., 175 AD3d 1527, 1529). Nevertheless, "even in the absence of direct evidence of causation, that the existence of a defective or dangerous condition was the proximate cause of an accident may be logically inferred based on facts and circumstantial evidence" (Rivera v Waterview Towers, Inc., 181 AD3d 844, 846; see Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d 1224, 1227).
Here, the stadium defendants proffered evidence that the escalator was in good working order at the time of the decedent's fall and complied with applicable statutes and regulations. Although the plaintiff is correct that "'the absence of a violation of a specific code or ordinance is not dispositive of a plaintiff's allegations based on common-law negligence principles'" (Romero v Waterfront N.Y., 168 AD3d 1012, 1013, quoting Alexis v Motel Oasis, 143 AD3d 926, 927; see Robins v City of Long Beach, 192 AD3d 709, 710; Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763, 764), she failed to identify any evidence demonstrating that the stadium defendants, which were "not the insurers of [spectators'] safety," failed to take reasonable steps to guard against any reasonably foreseeable dangers posed by the stopped escalator (Maheshwari v City of New York, 2 NY3d 288, 294). Indeed, while there was some evidence that the barricade that had been placed in front of the subject escalator may have been moved, "'[i]t is difficult to understand what measures could have been undertaken to prevent [the decedent's] injury except presumably to have had a security officer posted at the precise location where the incident took place . . . , [which is] surely an unreasonable burden'" (id. at 295, quoting Florman v City of New York, 293 AD2d 120, 127; see Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d 590, 591).
In addition to its more general duty to provide a safe premises, a landowner that opens its premises to the public has "'a nondelegable duty to provide the public with . . . a safe means of ingress and egress' which 'may not be delegated by the owner to its agents or employees, or to an independent contractor'" (Cox v 118 E. 60th Owners, Inc., 189 AD3d at 1170, quoting Backiel v Citibank, 299 AD2d at 505; see Etminan v Esposito, 126 AD3d 854, 855; see also Bingham v New [*3]York City Tr. Auth., 8 NY3d 176, 180). Here, the stadium defendants demonstrated, prima facie, that by barricading the stopped escalators and directing spectators to exit via ramps both with announcements and by using security personnel, they complied with that duty. In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the stadium defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The issues raised by the defendant Otis Elevator Company and the defendants Brink Elevator Corp., Herk Elevator Co., Inc., and Brink Elevator Corp, doing business as Herk Elevator Co., Inc., are not properly before this Court.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court