Charles v Bagels by Bell, Ltd. (2022 NY Slip Op 01438)





Charles v Bagels by Bell, Ltd.


2022 NY Slip Op 01438


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-10020
 (Index No. 6218/15)

[*1]Jeannie Charles, etc., appellant, 
v
Bagels by Bell, Ltd., respondent.


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser of counsel), for appellant.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 10, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 31, 2014, at 1:40 p.m., the plaintiff's decedent, while driving westbound on Foster Avenue in Brooklyn, struck the defendant's unoccupied box truck in the rear while it was double-parked in the westbound lane. A surveillance videotape depicts the plaintiff's decedent's vehicle traveling at an excessive speed, striking the box truck without swerving or slowing down, and propelling the box truck forward. There were no skid marks on the roadway. A toxicology report indicated that the decedent's blood alcohol content was .03%, and his vitreous humor blood alcohol content was .07%.
The plaintiff commenced this action to recover damages for personal injuries and wrongful death. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion. The plaintiff appeals, and we affirm.
Even assuming that the defendant's box truck was illegally double-parked and its hazard lights were not activated, the defendant established that the manner in which the plaintiff's decedent operated his vehicle was the sole proximate cause of the accident, and the placement of the box truck merely furnished the occasion for the accident (see Gerrity v Muthana, 7 NY3d 834; Sheehan v City of New York, 40 NY2d 496, 503; Lee v D. Daniels Contr., Ltd., 113 AD3d 824, 825; Vazquez v Roldan, 86 AD3d 640, 640-641). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court