Martell v Dorchester Apt. Corp. (2022 NY Slip Op 05164)

Martell v Dorchester Apt. Corp.

2022 NY Slip Op 05164

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-04505
 (Index No. 500170/17)

[*1]Joseph Martell, Jr., appellant,
v
Dorchester Apt. Corp., et al., respondents.

Stefano A. Filippazzo, P.C. (Louis A. Badolato, Roslyn Harbor, NY, of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly and Patrick F. Palladino of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), entered June 11, 2020. The judgment, upon a jury verdict, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, the defendants' motion in limine to preclude Stanley Fein from testifying is denied to the extent that Fein is permitted to offer testimony that the coefficient of friction of the subject stairway was not in accordance with American Society for Testing Materials standards, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The plaintiff allegedly was injured in the course of his employment delivering packages for UPS when he slipped and fell while descending a staircase in the defendants' building. He claims that the steps upon which he fell appeared shiny and slippery. At trial, the Supreme Court granted the defendants' motion in limine to preclude the plaintiff's expert, Stanley Fein, from testifying. Fein would have testified as to alleged Building Code violations and violations of the American Society for Testing Materials standards for the coefficient of friction. The jury found in favor of the defendants, and judgment was entered dismissing the complaint.
Generally, the admission of expert testimony is a matter that lies within the sound discretion of the trial court (see Jean-Louis v City of New York, 86 AD3d 628; Dulin v Maher, 200 AD2d 707). Expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge possessed by the expert and beyond the ken of the typical juror (see Curry v Eastern Extension, LLC, 202 AD3d 907; Goudreau v Corvi, 197 AD3d 463).
Here, the Supreme Court improvidently exercised its discretion in granting the defendants' motion in limine to preclude Fein from testifying. The court correctly found that the Building Code provisions set forth by Fein were inapplicable. However, this only absolved the defendants of the mandatory duty that such provisions might otherwise impose (see Zebzda v Hudson St., LLC, 72 AD3d 679; Swerdlow v WSK Props. Corp., 5 AD3d 587). The defendants had a continuing duty to maintain the property in a reasonably safe manner (see Swerdlow v WSK Props. [*2]Corp., 5 AD3d at 588). The absence of a violation of a specific code or ordinance is not dispositive of the plaintiff's allegations based on common-law negligence principles (see Robins v City of Long Beach, 192 AD3d 709; Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763; Romero v Waterfront N.Y., 168 AD3d 1012). Accordingly, a defendant may be held negligent for departing from generally accepted customs and practices even when the allegedly defective condition is in compliance with the relevant codes and ordinances (see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d at 764; Romero v Waterfront N.Y., 168 AD3d at 1013).
Had Fein been permitted to testify, he could have addressed whether the coefficient of friction of the subject staircase, as measured during his inspection, was a departure from generally accepted customs and practices, and whether the defendants were negligent in failing to correct it (see Robins v City of Long Beach, 192 AD3d 709 at 710; Zebzda v Hudson St., LLC, 72 AD3d at 681). Fein could have testified as to the American Society for Testing Materials standards, even though the Supreme Court correctly stated that they were not law. Fein could have testified as to whether those standards represented the general custom or usage in the industry, and the jury could have considered any deviation from those standards as some evidence of negligence (see Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 337; see also Daniels v New York City Tr. Auth., 35 NY3d 938). Any purported shortcomings in Fein's testing go to the weight to be given his testimony, not its admissibility (see La Scala v QVC, 201 AD3d 798). Accordingly, the court improvidently exercised its discretion in granting the defendants' motion in limine to preclude the plaintiff from presenting the proposed expert testimony relating to the American Society for Testing Materials standards regarding the coefficient of friction, and the preclusion of this testimony deprived the plaintiff of a fair trial (see Zebzda v Hudson St., LLC, 72 AD3d at 681). Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new trial.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court