Galette v 1488 Flatbush Ave., LLC (2025 NY Slip Op 04552)

Galette v 1488 Flatbush Ave., LLC

2025 NY Slip Op 04552

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-09128
 (Index No. 520930/20)

[*1]Nicole Galette, appellant, 
v
1488 Flatbush Avenue, LLC, respondent, et al., defendants.

Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J), dated July 5, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability against the defendant 1448 Flatbush Avenue, LLC.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when, while exiting a premises owned by the defendant 1488 Flatbush Avenue, LLC (hereinafter the defendant), and leased by other defendants, her foot became stuck in a patch of wet cement and she fell. The plaintiff moved for summary judgment on the issue of liability against the defendant, contending, inter alia, that the defendant had constructive notice of the alleged hazardous condition. In an order dated July 5, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
An owner of a property has a "duty to maintain his or her property in a reasonably safe condition" (Torres v La Borinquena HDFC, Inc., 229 AD3d 830, 831; see Narainasami v City of New York, 203 AD3d 831, 832). "'Even if a defendant is considered an out-of-possession landlord who assumed the obligation to make repairs to its property, it cannot be held liable for injuries caused by a defective condition on the property unless it either created the condition or had actual or constructive notice of it'" (Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104, 1105, quoting Rodriguez v Sheridan One Co., LLC, 177 AD3d 801, 801). In moving for summary judgment on the issue of liability, a plaintiff in a negligence action must establish, prima facie, "that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Muniz v SPO Rest., LLC, 227 AD3d 1002, 1003 [internal quotation marks omitted]; see Marazita v City of New York, 202 AD3d 951, 952). Here, the plaintiff failed to demonstrate, prima facie, that the defendant breached its duty to maintain the premises in a reasonably safe condition. Contrary to the plaintiff's contention, she failed to eliminate material issues of fact as to whether the defendant had actual or constructive notice of the alleged hazardous condition. In support of her motion, the plaintiff submitted, inter alia, a transcript of the deposition [*2]testimony of the defendant's sole shareholder. At his deposition, the sole shareholder testified that he had neither observed the allegedly hazardous condition nor had he been given notice of such condition prior to the plaintiff's accident. Furthermore, the plaintiff failed to provide evidence to show that the defendant had constructive notice of the alleged hazardous condition.
Since the plaintiff failed to meet her prime facie burden, the Supreme Court properly denied her motion for summary judgment on the issue of liability against the defendant, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court