Larson v Sterling Mets, LP (2026 NY Slip Op 01499)

Larson v Sterling Mets, LP

2026 NY Slip Op 01499

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-06458
2023-06460
 (Index No. 701586/22)

[*1]Justin Larson, appellant, 
vSterling Mets, LP, respondent, et al., defendants.

The Gucciardo Law Firm, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Benjamin D. Greenfield and Larry Lum of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered May 16, 2023, and (2) a judgment of the same court entered May 30, 2023. The order granted the motion of the defendant Sterling Mets, LP, for summary judgment dismissing the complaint insofar as asserted against it. The judgment, upon the order entered May 16, 2023, is in favor of the defendant Sterling Mets, LP, and against the plaintiff, dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2008, the plaintiff and two friends attended a baseball game at Shea Stadium (hereinafter the stadium). They decided to leave the stadium during the seventh inning of the game. In accordance with regular practice, beginning in the seventh inning of each game, the stadium's escalators were shut off and barricaded to prevent overcrowding, and attendees were directed to exit the stadium using pedestrian ramps. Nevertheless, the plaintiff and his friends proceeded to a stationary escalator, which was empty at the time. According to the plaintiff's friends, the escalator had not been barricaded. While the plaintiff and his friends were descending the escalator, the plaintiff jumped up onto the handrail and, unable to maintain his balance, fell to the ground below, sustaining injuries.
The plaintiff commenced this action to recover damages for personal injuries against the defendant Sterling Mets, LP (hereinafter the defendant), among others. After discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated May 16, 2023, the Supreme Court granted the defendant's motion. Thereafter, a [*2]judgment was entered in favor of the defendant and against the plaintiff, dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"Where premises are open to the public, the owner has a nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress" (Cox v 118 E. 60th Owners, Inc., 189 AD3d 1169, 1170 [internal quotation marks omitted]; see Narainasami v City of New York, 203 AD3d 831, 832). "However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Torres v La Borinquena HDFC, Inc., 229 AD3d 830, 831; see Narainasami v City of New York, 203 AD3d at 832). Moreover, "[a]lthough the issue of proximate cause is generally one for the finder of fact, liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (Castillo v Amjack Leasing Corp., 84 AD3d 1298, 1298 [citation and internal quotation marks omitted]; see Brinkley v STD Trucking Corp., 240 AD3d 566, 567).
Here, the defendant established, prima facie, that the subject escalator, when stationary, was not in a defective condition and, as a matter of law, was not inherently dangerous (see Narainasami v City of New York, 203 AD3d at 833; see also Moseley v Philip Howard Apts. Tenants Corp., 134 AD3d 785, 786). Rather, the stationary escalator functioned as a set of stairs with a handrail. Moreover, the defendant demonstrated that the fact that it did not prevent the plaintiff from accessing the stationary escalator, either by use of barricades or security personnel, merely furnished the occasion for the accident, but was not one of its proximate causes (see Vargas v 1417 Prospect, LLC, 240 AD3d 546, 547; Buehler v Town of Pawling, 211 AD3d 794, 795; Charles v Bagels by Bell, Ltd., 203 AD3d 797; Landsman v Tolo, 194 AD3d 1034, 1035). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court